# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 30, 2015

Plaintiff-Appellee,

v

No. 321474
Berrien Circuit Court

LAWRENCE CLIFTON DOUGLAS,

LC No. 2013-016348-FH

Defendant-Appellant.

---

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant Lawrence Clifton Douglas appeals by leave granted the costs, fines, assessments, fees, and restitution imposed by the trial court at sentencing. He had pled no contest to operating a motor vehicle while intoxicated (OWI), third-offense, MCL 257.625(1)(a) and (9)(c), and operating a vehicle while license suspended (DWLS), second-offense, MCL 257.904(1) and (3)(b). Defendant was sentenced to 23 to 60 months' imprisonment for the OWI conviction and to 113 days for the DWLS conviction. The trial court also imposed a $750 fine, $1,000 in court costs, $11,320 in restitution, a $130 victim's rights assessment, $118 in state costs, a screening fee of $125, and $300 in attorney fees. We affirm all aspects of defendant's convictions and sentences, except that remand is necessary with respect to the imposition of $1,000 in court costs. On the strength of this Court's recent controlling opinion in *People v Konopka*, __ Mich App __; __ NW2d __, issued March 3, 2015 (Docket No. 319913), the Legislature's amendment of MCL 769.1k(1)(b) pursuant to 2014 PA 352 retroactively authorized the imposition of court costs in this case. But remand is nonetheless necessary for an examination of the factual basis underlying the amount of the court costs that defendant was ordered to pay.

This case arises out of defendant's operation of a motor vehicle on a suspended license and while intoxicated, during which defendant's car struck a "PACE" bus owned by Battle Creek Area Ambulance, Inc. ("ambulance company"), resulting in significant damage to the bus. Defendant fled the scene of the accident in his car, but was later apprehended. On appeal, defendant first argues that the trial court exceeded its sentencing power and invaded the jurisdiction of the Department of Corrections (DOC) by prohibiting defendant's release from parole until his fines and costs were fully paid. We review this unpreserved argument for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

-1-

The DOC "has exclusive jurisdiction over paroles, commutations, and penal institutions, subject to the constitutional powers of the state's Judicial and Executive Departments." *People v Greenberg*, 176 Mich App 296, 310; 439 NW2d 336 (1989), citing MCL 791.204(b) ("Subject to constitutional powers vested in the executive and judicial departments of the state, the department shall have exclusive jurisdiction over . . . paroles."). Absent statutory authority, a sentencing court lacks the "ability to impose . . . restrictions upon the . . . [DOC's] decision to parole a prisoner." *Greenberg*, 176 Mich App at 310. The *Greenberg* panel held that there was no statutory provision granting "the sentencing judge the power to make full payment of restitution a prerequisite for obtaining parole[.]" *Id.* at 311; see also *People v Gosselin*, 493 Mich 900; 822 NW2d 792 (2012). This Court in *Hopkins v Parole Bd*, 237 Mich App 629, 637; 604 NW2d 686 (1999), observed:

> The Parole Board was established as an entity within the Department of Corrections. Pursuant to a legislative grant of authority, the Department of Corrections possesses sole jurisdiction over questions of parole.
>
> . . .
>
> The release of a prisoner on parole shall be granted solely upon the initiative of the parole board. Furthermore, specific determinations whether to release prisoners on parole rest within the Parole Board's discretion. Accordingly, . . . the executive branch, specifically the Parole Board, possesses exclusive discretion to grant or deny parole. [Citations and quotation marks omitted.]

Here, at the sentencing hearing, the trial court informed defendant that the total amount owing in costs, fines, assessments, fees, and restitution "is to be paid while you are incarcerated and prior to your release from parole." The judgment of sentence, however, provided:

> COURT RECOMMENDATIONS: RECOMMEND SUBSTANCE ABUSE COUNSELING. F/C[1] TO BE PAID WHILE INCARCERATED AND PRIOR TO RELEASE FROM PAROLE.

Although the trial court's remarks at sentencing indicated that defendant had to pay all of the costs, fines, assessments, fees, and restitution before he could be released from parole, it is the terms of the judgment of sentence, not the trial court's remarks at sentencing, that are controlling. *People v Vincent*, 455 Mich 110, 123; 565 NW2d 629 (1997) (a trial court speaks through its judgments and orders, not its oral statements). The judgment of sentence merely made payment during incarceration a *recommendation* and not a requirement relative to parole eligibility; therefore, the trial court did not exceed its authority nor invade the DOC or Parole Board's jurisdiction. There was no error, plain or otherwise. To the extent that an issue develops in the future on this matter, this opinion, absent modification or reversal by our Supreme Court, dictates that the Parole Board and the DOC have full control concerning matters of defendant's parole, regardless of the trial court's remarks at the sentencing hearing.

---

[1] Presumably, F/C refers to fines and costs.

Next, defendant argues that the trial court erred by ordering him to pay an arbitrary amount in restitution without attempting to ascertain the actual amount of the loss sustained as a result of defendant's conduct. Again, this unpreserved argument is reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

" 'Restitution is afforded both by statute and by the Michigan Constitution.' " *People v Bell*, 276 Mich App 342, 346; 741 NW2d 57 (2007) (citation omitted). The Michigan Constitution provides that crime victims have "[t]he right to restitution." Const 1963, art 1, § 24. The Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, provides in relevant part:

> (2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction . . . . .

> . . .

> (8) The court shall order restitution to the crime victim services commission or to any individuals, partnerships, corporations, associations, governmental entities, or other legal entities that have compensated the victim or the victim's estate for a loss incurred by the victim to the extent of the compensation paid for that loss. . . . . [MCL 780.766.]

"The pertinent language of the CVRA clearly states that a sentencing court *shall* order restitution to the victim of a crime or to an entity that has compensated the victim." *Bell*, 276 Mich App at 347. "The use of the word 'shall' indicates that the directive to order restitution is mandatory, unless . . . [an] exception applies." *Id.* "This Court has held that an insurance company may be awarded restitution under the CVRA for money paid to a victim for a defendant's criminal act." *Id.* at 346-347. The CVRA also clearly provides that a defendant must "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction . . . ." MCL 780.766(2).

The presentence investigation report (PSIR) contained information showing that the ambulance company owned the bus that defendant had struck with his vehicle. Attached to the PSIR were photographs of the damaged bus, an appraisal describing the needed repairs to the bus and estimating the associated costs, an insurance-claim document, a copy of the insurance check remitted to the ambulance company covering the repair costs, and a letter from the insurer to the prosecutor requesting the prosecutor to seek restitution. The documents reflected that the cost to repair the bus amounted to $11,320 and that the insurer paid the ambulance company $11,320. At sentencing, the trial court ruled that defendant had to pay $11,320 in restitution, and the ruling was made part of the judgment of sentence.

Although there was an opportunity to challenge the estimate and the amount paid by the insurer at sentencing, defendant did not challenge its accuracy. "Only an actual dispute, properly raised at the sentencing hearing in respect to the type or amount of restitution, triggers the need to resolve the dispute by a preponderance of the evidence." *People v Grant*, 455 Mich 221, 243;

565 NW2d 389 (1997), citing MCL 780.767(4). In *People v Bowling*, 299 Mich App 552, 563-564; 830 NW2d 800 (2013), this Court addressed a challenge to the amount of restitution ordered by the trial court, stating:

> [A]t sentencing the trial court may treat the contents of the presentence investigation report as presumptively accurate. The trial court is entitled to rely on the report unless the defendant effectively challenges an adverse factual allegation in the report.
>
> In the instant case, the presentence investigation report contained information regarding the costs of this incident to the homeowner. The homeowner indicated that he and his family received professional counseling after the home invasion, costing $880. He also requested $1,000 reimbursement for the insurance deductible he paid relating to the damage caused during the home invasion and $1,131.46 for carpet replacement, which his insurance did not cover. In addition, his insurance company incurred $2,878.77 in costs paid to the homeowner. Although there was ample opportunity, defendant never challenged these factual assertions in the report. Thus, the trial court was entitled to rely on the accuracy of the amounts provided in the presentence investigation report. [Citations omitted.]

Accordingly, the trial court here was entitled to rely on the PSIR and the attached documentation in determining the amount of restitution owed to the insurer, given the absence of a challenge by defendant. Therefore, the trial court did not err when it imposed restitution in the amount of $11,320, which reflected the amount of the loss incurred as a result of defendant's criminal conduct. MCL 780.767(1).

Defendant also contends that the restitution award was a substitute for civil damages. "[R]estitution is not a substitute for civil damages but only encompasses those losses that are (1) easily ascertained and measured and (2) a direct result of defendant's criminal acts." *People v White*, 212 Mich App 298, 316; 536 NW2d 876 (1995). Here, the PSIR contemplated true restitution and provided sources to support the $11,320 figure, which was easily ascertained and measured, and the loss was the result of defendant's criminal conduct. Accordingly, the restitution imposed by the trial court was not a substitute for civil damages and encompassed the actual loss incurred by the insurer.

Finally, defendant argues that the court costs, fines, assessments, and fees imposed by the trial court were arbitrary, excessive, unreasonable, and reflected an abuse of discretion. Again, this unpreserved argument is reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764. The imposition of the $750 fine was authorized, reasonable, and proper under MCL 769.1k(1)(b)(*i*) (authorizing imposition of fines pursuant to underlying criminal statutes) and MCL 257.625(9)(c) (authorizing fine for third OWI of not less than $500 but not more than $5,000). The imposition of only $300 in attorney fees was authorized, reasonable, and proper under MCL 769.1k(1)(b)(*iv*) (authorizing an order requiring a defendant to cover "[t]he expenses of providing legal assistance to the defendant"). The imposition of the $130 victim's rights assessment was authorized, reasonable, and mandatory under MCL 769.1k(1)(b)(*v*) (alluding to "[a]ny assessment authorized by law") and MCL 780.905(1)(a)

(requiring a $130 crime victim's rights assessment "[i]f the offense is a felony").[2] The imposition of the $125 screening cost was authorized under MCL 257.625b(5) (requiring a defendant who commits OWI to undergo substance abuse screening and to "pay for the costs of the . . . screening"), and defendant has not established plain error affecting substantial rights with respect to the reasonableness of the amount. The imposition of the $118 in state costs was authorized, reasonable, and mandatory under MCL 769.1j(1) (requiring payment of state costs in the amount of $68 for a felony conviction and $50 for a misdemeanor conviction).[3]

We now address the imposition of $1,000 in court costs. In *People v Cunningham*, 496 Mich 145, 147; 852 NW2d 118 (2014), our Supreme Court held that MCL 769.1k(1)(b) did not provide courts with independent authority to impose court costs in criminal cases. Shortly thereafter, 2014 PA 352 took effect, wherein the Legislature amended MCL 769.1k(1)(b), authorizing the imposition of court costs. As amended by 2014 PA 352, MCL 769.1k(1)(b)(*iii*) provides that a court may impose the following cost on a defendant at sentencing:

> [A]ny cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

> (A) Salaries and benefits for relevant court personnel.

> (B) Goods and services necessary for the operation of the court.

> (C) Necessary expenses for the operation and maintenance of court buildings and facilities.

2014 PA 352 became effective on October 17, 2014, and the enacting sections of 2014 PA 352 provided:

> Enacting section 1. This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, *before June 18, 2014*, and after the effective date of this amendatory act.

> Enacting section 2. This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in People v Cunningham, 496 Mich 145 (2014). [Emphasis added.]

Here, defendant was sentenced in January 2014; therefore, the amended version of MCL 769.1k(1)(b)(*iii*) is retroactively applicable to defendant's case and court costs are authorized.

---

[2] OWI, third-offense, is a felony. MCL 257.625(9)(c).

[3] DWLS, second-offense, is a misdemeanor. MCL 257.904(3).

In *Konopka*, slip op at 8-16, this Court thoroughly addressed and rejected a host of constitutional challenges to the amendment of MCL 769.1k(1)(b), including claimed ex post facto violations. We are bound by *Konopka*, MCR 7.215(J)(1), and, accordingly, the trial court had the authority to impose court costs under 2014 PA 352; MCL 769.1k(1)(b)(*iii*). Further, consistent with *Konopka*, we remand for a determination of the proper amount of costs, which amount must be "reasonably related to the actual costs incurred by the trial court," MCL 769.1k(1)(b)(*iii*). See *Konopka*, slip op at 16.[4]

Affirmed with respect to all aspects of defendant's convictions and sentences, except that remand is necessary for an examination of the factual basis for the $1,000 in court costs imposed by the trial court. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens

---

[4] The lower court record contains no indication that the trial court contemplated or examined the factual basis for the amount of the court costs, thereby necessitating a remand.