# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHNELL JOSH HOWELL,

        Defendant-Appellant.

UNPUBLISHED
August 18, 2016

No. 327204
Wayne Circuit Court
LC No. 14-008420-FC

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and he was sentenced as a fourth habitual offender, MCL 769.12, to 11 to 20 years' imprisonment. Defendant appeals as of right, and we affirm.

Defendant first argues on appeal that there was insufficient evidence to establish the intent element of AWIGBH, which required a showing that he intended to inflict serious injury of an aggravated nature. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). At trial, the prosecution presented evidence showing that the victim had an earlier altercation with defendant's girlfriend, that the victim was sleeping on a couch when defendant assaulted him, that defendant punched the victim in the face, that defendant stabbed the victim in the neck, armpit, and back with some type of instrument, that defendant aggressively called the victim "bitch" during the attack, that the victim bled heavily as a result of the assault, that the victim and the couch were saturated in blood according to responding officers, and that the victim suffered some temporary paralysis caused by the assault, necessitating physical therapy.

Viewing this evidence in a light most favorable to the prosecution, *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012), resolving all conflicting evidence in favor of the prosecutor, *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), and understanding that minimal circumstantial evidence can establish the requisite intent for AWIGBH, including the nature of the victim's injuries and the use of a weapon, *Stevens*, 306 Mich App at 629, the evidence was more than sufficient to establish beyond a reasonable doubt that defendant intended to inflict serious injury of an aggravated nature, i.e., that he intended to commit great bodily harm. The gist of defendant's appellate argument is that the victim was not credible; however, credibility is a matter for jurors to assess, not this Court. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Reversal is unwarranted.

-1-

Defendant next argues that the imposed sentence of 11 to 20 years' imprisonment, which fell within the applicable guidelines range, constituted cruel and unusual punishment, given that he was 42 years old at the time of sentencing and that the reliability of the conviction was questionable. This argument is entirely lacking in merit. Defendant had six prior felony convictions, including one for second-degree murder, MCL 750.317, he will be eligible for parole when he is a mere 53 years old, and the evidence of his guilt was overwhelming. "A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). A defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *Id.* Defendant's age and his claim that the verdict was unreliable are certainly not unusual circumstances so as to render his sentence of 11 to 20 years' imprisonment disproportionate. In light of the gravity of the offense of AWIGBH, which the jury found was established beyond a reasonable doubt, and defendant's age and criminal history, we conclude that the sentence was not harsh, that it was proportionate, and that it did not constitute cruel or unusual punishment under the United States and Michigan Constitutions. *Id.* at 557-558. Resentencing is unwarranted.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra