# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERRELL MARK CAJAR,

        Defendant-Appellant.

UNPUBLISHED
April 25, 2017

No. 326890
Wayne Circuit Court
LC No. 14-000303-02-FC

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to 18 years and 9 months to 30 years' imprisonment for the murder conviction and two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

The shooting victim was shot in the back of the head during an exchange of gunfire between two groups of people on opposite ends of a city street. There was an initial eruption of gunfire just outside of the victim's home in which a motor vehicle was shot up, and shortly thereafter, there was the full barrage of gunfire that resulted in the victim's death. Numerous witnesses took the stand, including friends, acquaintances, neighbors, and family members of the victim and defendant, and the testimony was often conflicting. We have thoroughly reviewed all of the testimony and recognize the discrepancies in the various accounts of the shootings, which certainly can be explained, in part, by the chaotic and frightening nature of the events that unfolded. That said, there was testimony that defendant fired a handgun in the air and at a motor vehicle during the initial eruption of gunfire in front of the victim's house and that defendant was firing a handgun from his home toward the general area of the victim and others during the subsequent exchange of gunfire. There was also testimony that defendant's brother was firing in the same direction with some type of rifle.

The trial court acquitted defendant of first-degree murder, but found him guilty of second-degree murder on the prosecution's aiding and abetting theory, concluding that defendant had the intent to provide assistance in an act that reflected wanton and willful disregard of the likelihood that the natural tendency of the behavior was to cause death or great bodily harm. The court also found defendant guilty of felony-firearm.

-1-

On appeal, defendant frames his argument as a challenge to the trial court's finding that defendant had the requisite mens rea for second-degree murder. First, defendant contends that, with respect to the initial gunfire, the natural and probable consequence of damaging property, i.e., shooting at the vehicle, was not the shooting of another person. The second and final component to defendant's argument is that the evidence failed to establish beyond a reasonable doubt that defendant discharged a firearm or participated in the subsequent gun battle that resulted in the victim's death. This argument does not go directly to the issue of intent, but rather questions the court's finding that defendant continued to wield and use a firearm during the exchange of gunfire. Given the nature of the argument, defendant apparently and implicitly concedes that the requisite mens rea or intent would be sufficiently established if defendant indeed fired a gun from his home in the gun battle.

In *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008), this Court addressed a sufficiency argument in the context of a bench trial, observing:

> We review claims of insufficient evidence de novo. When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. All conflicts in the evidence must be resolved in favor of the prosecution. [Citations omitted.]

A trial court's factual findings in a bench trial are reviewed for clear error, which occurs "if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (citation omitted). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Kanaan*, 278 Mich App at 622 (citations omitted).

The elements of second-degree murder are: "(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014) (citations and quotation marks omitted). Malice can be established by showing either an intent to kill, an intent to cause great bodily harm, or an intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm. *Id.* at 9-10. With respect to aiding and abetting, as statutorily authorized under MCL 767.39, the prosecution's theory is to impose vicarious criminal liability for accomplices. *People v Robinson*, 475 Mich 1, 5-6; 715 NW2d 44 (2006). Aiding and abetting includes "any type of assistance given to the perpetrator of a crime by words or deeds that are intended to encourage, support, or incite the commission of that crime." *People v Moore*, 470 Mich 56, 63; 679 NW2d 41 (2004). To support a conviction under an aiding and abetting theory, the prosecution must prove that (1) the crime charged was committed by the defendant or another person, (2) the defendant performed acts or gave encouragement which

assisted in the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time the defendant gave aid and encouragement. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The third element is also satisfied if the charged offense is a "natural and probable consequence of the commission of the intended offense." *Robinson*, 475 Mich at 15.

Assuming for the sake of argument that defendant's initial gunfire into the air and at the vehicle, *standing alone*, did not suffice to establish the conviction, the additional evidence showing him and his brother discharging firearms from their home as part of a gun battle was more than adequate to support the conviction. The evidence reflected that defendant initiated and then aided and abetted in the shooting melee, along with an intent to provide assistance and otherwise engage in acts of wanton and willful disregard of the likelihood that the natural tendency of such behavior was to cause death or great bodily harm. The natural and probable consequence of defendant firing his weapon as he did was that a death would result. Again, as to the exchange of gunfire and not the initial shooting, defendant merely argues that the evidence was insufficient to show that he displayed or fired a gun, all the while acknowledging the testimony to the contrary, which defendant characterizes as questionable and lacking credibility. However, it was for the trial court, sitting as the trier of fact in the bench trial, to assess the credibility of the witnesses and the weight of the evidence, and not us on appeal. *Kanaan*, 278 Mich App at 619. Reversal is unwarranted.

For his second claim of error, defendant maintains that the trial court erred by assessing 25 points for offense variable (OV) 6, MCL 777.36, and that the sentence imposed by the trial court was unreasonable. In *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), our Supreme Court clarified the proper review standards, stating:

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo.

"We review for an abuse of discretion whether a sentence is proportionate to the seriousness of the offense." *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011).

OV 6 addresses a defendant's intent to kill or injure another individual and requires the trial court to assess 25 points if the defendant "had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." MCL 777.36(1)(b). Sitting as the finder of fact in defendant's bench trial, the trial court found defendant guilty of second-degree murder for aiding and abetting in the victim's death, concluding that his participation in, and instigation of, the shootout created a high risk of death or great bodily harm. For the reasons already explained, the trial court did not err in its findings regarding defendant's intent and participation. Thus, the court properly assessed 25 points for OV 6.

Finally, defendant contends that his sentence was unreasonable in light of his age, minimal prior record, educational level, and the fact that the evidence suggested that the victim

was killed by friendly fire. Although defendant frames the argument in terms of reasonableness, he is essentially challenging his sentence on the basis of proportionality. Defendant was sentenced within the appropriate minimum sentence guidelines range. In light of defendant's failure to establish a scoring error or to show inaccurate sentencing information, MCL 769.34(10) would generally mandate affirmance of the sentence. However, a proportionality argument implicates constitutional protections, and so we must continue with our analysis.

"A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). A defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *Id.* Here, defendant has not presented us with unusual circumstances such that we can find his sentence of 18 years and 9 months to 30 years' imprisonment disproportionate. Resentencing is unwarranted.

Affirmed.


/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly