*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 5, 2019

Plaintiff-Appellee,

v

No. 341725
Wayne Circuit Court
LC No. 17-005743-01-FC

JALEN DOMINIQUE HAWKINS,

Defendant-Appellant.

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to murder (AWIM), MCL 750.83, unlawfully driving away a motor vehicle, MCL 750.413, felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 17 to 40 years' imprisonment for the AWIM conviction (count 1), one to five years' imprisonment for the unlawful driving away a motor vehicle conviction (count 2), one to four years' imprisonment for the felonious assault conviction (count 3), and two years' imprisonment for the felony-firearm conviction (count 4). Counts 1, 2, and 3 are to be served concurrently, and count 4 is to be served first and consecutive to counts 1, 2, and 3. For the reasons provided below, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant contends that he was denied due process of law because there was insufficient evidence to constitute proof beyond a reasonable doubt that he intended to kill the victim. We disagree.

This Court reviews a challenge to the sufficiency of the evidence de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). "When reviewing a defendant's challenge to the sufficiency of the evidence, we review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks and citation omitted). "A prosecutor need not present direct evidence of a defendant's guilt. Rather, '[c]ircumstantial evidence and reasonable

inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *Id.*, quoting *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

The elements of AWIM "are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Lawton*, 196 Mich App 341, 350; 492 NW2d 810 (1992); see also MCL 750.83. Defendant only challenges the sufficiency of the evidence related to the second element, his actual intent to kill.

"Circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense." *Lawton*, 196 Mich App at 350. The intent to kill may be proved '[by] inference . . . from any facts in evidence . . . .' " *Id.* (citation omitted). Therefore, "[a] factfinder can infer a defendant's intent from his words or from the act, means, or the manner employed to commit the offense." *Hawkins*, 245 Mich App at 458.

Here, there was more than sufficient evidence for the jury to find that defendant possessed an actual intent to kill. The victim saw that defendant had a gun in the pocket of his basketball shorts and asked what he was about to do with it. Defendant then asked the victim if she wanted to tell her mother that she loved her "one last time," which clearly supports the inference that defendant intended to kill the victim. Defendant subsequently pointed a semiautomatic handgun at the victim and shot at her from about 10 feet away, wounding her four times. Defendant's use of a deadly weapon would further allow a jury to infer that he acted with the intent to kill. See *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014) ("Intent to kill may be inferred from all the facts in evidence, including the use of a deadly weapon."). Therefore, there was ample evidence for the jury to find beyond a reasonable doubt that defendant intended to kill the victim, and defendant's claim of error fails.

## II. SENTENCING

Defendant also argues that his AWIM sentence is unreasonable, disproportionate, and an abuse of discretion, amounting to cruel and unusual punishment. We disagree.

We review the proportionality of a defendant's sentence for an abuse of discretion. *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*.

A sentence that is within the guidelines range "is presumptively proportionate and must be affirmed." *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017), lv pending. Additionally, MCL 769.34(10) provides, "[T]he court of appeals shall affirm [a minimum sentence within the appropriate sentencing guidelines range] and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." Consequently, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).

Defendant's minimum sentence guidelines range was 135 to 225 months. Defendant was sentenced to a minimum term of 17 years, which equates to 204 months, for the AWIM conviction. Therefore, defendant's minimum sentence of 204 months is within the guidelines

range. Therefore, we hold that because defendant's sentence falls within the guidelines range, defendant cannot challenge the proportionality of his sentence.

Finally, defendant argues that his sentence constitutes cruel and unusual punishment. A defendant must "advance a claim below that his sentences were unconstitutionally cruel or unusual" in order to preserve the issue for appeal. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013). This issue therefore is not preserved because defendant did not raise the issue at the trial court. We review unpreserved constitutional issues for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 764-765. To demonstrate plain error, a defendant must show that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights," which "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. at 763.

As already noted, a sentence that falls within the guidelines range "is presumptively proportionate." *Jackson*, 320 Mich App at 527. Further, a proportionate sentence, by definition, is not cruel or unusual. *Bowling*, 299 Mich App at 558, citing *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Additionally, "[i]n order to overcome the presumption that [a] sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Bowling*, 299 Mich App at 558 (quotation marks and citation omitted). Defendant has not presented any unusual circumstances such that his 17-year minimum sentence could be deemed disproportionate in light of the seriousness of the offense. Therefore, defendant has not demonstrated a plain error affecting his substantial rights.

Affirmed.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola