*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT JAMES KARDASZ,

        Defendant-Appellant.

UNPUBLISHED
September 22, 2022

No. 358780
Macomb Circuit Court
LC No. 2017-002252-FC

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

As part of his sentence for first-degree criminal sexual conduct (CSC-I), the trial court ordered Robert Kardasz to lifetime electronic monitoring and registration on the Michigan sex offender registry. Kardasz complains that these requirements amount to cruel or unusual punishment and that lifetime electronic monitoring constitutes an unconstitutional, unreasonable search. Other criminal defendants have raised these same challenges and they have been rejected in binding precedent. We affirm.

## I. BACKGROUND

A jury convicted Kardasz of CSC-I for the sexual assault of his five-year-old daughter. In *People v Kardasz*, unpublished per curiam opinion of the Court of Appeals, issued November 19, 2019 (Docket No. 343545), this Court affirmed Kardasz's conviction, but remanded to the trial court for resentencing. On remand, the trial court sentenced Kardasz to 300 to 480 months' imprisonment. The judgment of sentence indicated that upon his release, Kardasz would be subject to lifetime electronic monitoring and would be required to register as a sex offender under Michigan's Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*.

Kardasz now challenges the constitutionality of his post-release conditions. As Kardasz failed to raise these challenges below, our review is limited to plain error affecting his substantial rights. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013).

-1-

## II. LIFETIME SORA REGISTRATION

Both the Michigan and federal constitutions prohibit excessive sentences. US Const, Am VIII prohibits "cruel and unusual punishment, while Const 1963, art 1, § 16 more broadly prohibits "cruel or unusual punishment." "[I]f a particular punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Tucker*, 312 Mich App 645, 654 n 5; 879 NW2d 906 (2015) (quotation marks and citations omitted).

> To determine whether a punishment is cruel or unusual, courts assess whether it is unjustifiably disproportionate to the offense committed by considering four factors: (1) the harshness of the penalty compared to the gravity of the offense, (2) the penalty imposed for the offense compared to penalties imposed for other offenses in Michigan, (3) the penalty imposed for the offense in Michigan compared to the penalty imposed for the same offense in other states, and (4) whether the penalty imposed advances the goal of rehabilitation. [*People v Lymon*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 327355), p 18 (quotation marks and citation omitted).]

We begin by addressing Kardasz's SORA registration requirement. Before embarking on this analysis, we must determine whether the challenged order is a penalty. The Michigan Supreme Court held in *People v Betts*, 507 Mich 527; 968 NW2d 497 (2021), that lifetime SORA registration was a penalty under a prior version of the SORA. And this Court recently reached the same conclusion with regard to the 2021 SORA, as adopted by 2020 PA 295, effective March 24, 2021. *Lymon*, ___ Mich App at ___, p 18.

Although a penalty, lifetime SORA registration is neither cruel nor unusual. First, lifetime SORA registration is not disproportionately harsh compared to the gravity of the offense committed in this case. Kardasz was convicted of sexually penetrating his five-year-old daughter during an overnight visit. The assault occurred in the basement of Kardasz's parents' home. The young child had no means of escape or of seeking immediate help. Moreover, the course of abuse only ended because the child later informed her mother who contacted the police. The sole case cited by Kardasz, *People v DiPiazza*, 286 Mich App 137; 778 NW2d 264 (2009), is factually inapposite. In *DiPiazza*, this Court found the defendant's SORA registration requirement excessive given that the case involved a consensual sexual act between people with a minimal age difference who later married. *Id*. at 154.

Further, lifetime SORA registration is not unduly harsh as compared to penalties imposed for other offenses in Michigan. Many criminal offenses include mandatory punishment provisions, including lifetime imprisonment with or without the possibility of parole. "[L]egislatively mandated sentences are presumptively proportional and presumptively valid," *People v Bowling*, 294 Mich App 377, 390; 811 NW2d 531 (2011), and "a proportionate sentence is not cruel or unusual." *Bowling*, 299 Mich App at 558. Moreover, lifetime SORA registration for persons who commit sexual penetration against a child under the age of 13 is justified given the vulnerability of the victims and the seriousness of this offense.

Lifetime SORA registration also is not an unduly harsh punishment when compared to punishments for similar offenses in other states. Although some states make registration

discretionary based on individualized risk assessments, Michigan is not alone in imposing mandatory lifetime sex offender registration for defendants that assault young children.[1]

As to the final factor—the impact of the punishment on rehabilitation—we agree with Kardasz that lifetime registration will not assist his rehabilitation. However, given the strength of the other factors, the lack of rehabilitative effect is not fatal. Moreover, the threat of having one's name listed on a public registry likely has a deterrent effect on individuals considering committing this offense. As explained in *People v Hallak*, 310 Mich App 555, 572; 873 NW2d 811 (2015), rev in part on other grounds 499 Mich 879 (2016) (quotation marks and citation omitted), "the need to prevent the individual offender from causing further injury to society is an equally important consideration." Requiring Kardasz to register on the sex offender list for life will prevent him from being in a position to exploit young children again.

Given the severity of Kardasz's offense and the need to protect young children from sexual predation, requiring Kardasz to register under SORA for the remainder of his life is neither cruel nor unusual punishment.

## III. LIFETIME ELECTRONIC MONITORING

Kardasz contends that the imposition of lifetime electronic monitoring upon his prison release is cruel or unusual punishment and amounts to an unconstitutional, unreasonable search. As conceded by Kardasz, this Court determined in *Hallak*, 310 Mich App 555, that such monitoring is neither cruel or unusual nor a violation of a defendant's Fourth Amendment rights. We are bound by that decision. MCR 7.215(C)(2).

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel

---

[1] See Collateral Consequences Resource Center, *50-State Comparison: Relief from Sex Offense Registration Obligations*, available at <https://ccresourcecenter.org/state-restoration-profiles/50-state-comparison-relief-from-sex-offender-registration-obligations/> (accessed June 23, 2022) (comparing sex offense registration requirements across the states).