*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ARTHUR HUMPHREYS,

       Defendant-Appellant.

UNPUBLISHED
October 28, 2025
10:46 AM

No. 372114
Genesee Circuit Court
LC No. 2023-051572-FH

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ARTHUR HUMPHREYS,

       Defendant-Appellant.

No. 372115
Genesee Circuit Court
LC No. 2023-052156-FH

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Defendant, Arthur Humphreys, contends in these consolidated appeals that his within-guidelines sentences for numerous crimes arising from two domestic-violence episodes are unreasonable. We disagree and affirm.

In March 2023, defendant accused his then-girlfriend, April Armstrong, of cheating on him. The incident escalated quickly, with defendant slapping her several times in the face and then retrieving handguns, pointing them at her, and threatening to shoot her. Responding officers thankfully defused the situation and arrested defendant. Then in August 2023, defendant got into another fight with Armstrong. In addition to hitting her, defendant caused extensive damage to her house—he ripped cabinets off the walls; destroyed appliances, light fixtures, toilets, and

-1-

furniture; and dumped paint on the couch and floor. And when he was done and while she was driving away from his rampage, defendant threw a glass bottle at her.

For the first incident, a jury convicted defendant of felon in possession of a firearm, MCL 750.224f; felon in possession of ammunition, MCL 750.224f(6); carrying a concealed weapon, MCL 750.227; assault with a dangerous weapon, MCL 750.82; domestic violence, MCL 750.81(2); and three counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. As relevant here, the trial court sentenced defendant as a fourth-offense habitual offender to a within-guidelines sentence of 58-months minimum and 20-years maximum for his felon in possession, concealed weapon, and assault with a dangerous weapon convictions. And for the second incident, a jury convicted him of malicious destruction of property over $20,000, MCL 750.377a(1)(a)(*i*), and domestic violence. For the malicious destruction of property conviction, the trial court sentenced him as a third-offense habitual offender and again imposed a within-guidelines sentence, this time for a minimum of 57 months and a maximum of 20 years. Defendant appeals by right.

The sole issue on appeal is whether the trial court imposed reasonable sentences with respect to his non-felony-firearm and non-domestic violence counts, i.e. his 57- and 58-month minimum sentences.[1] A sentence is reasonable if it adheres to the "principle of proportionality." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). That means it is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 474, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990) (quotation marks omitted). "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022), citing *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972). A within-guidelines sentence is presumptively proportional, and it is a defendant's burden to demonstrate otherwise. *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 345491); slip op at 2. This Court reviews sentences for abuse of discretion, which occurs when a sentencing court imposes an unreasonable sentence. *Steanhouse*, 500 Mich at 471.

On review of the record, we hold the trial court did not abuse its discretion in imposing defendant's sentences. Begin with what the trial court emphasized, the severity of defendant's crimes. "[Q]uite frankly," found the trial court, "the amount of damage that was able to be done in one single evening to the tune of over $100,000" was "shocking." So too for "the psychological damage that [he] impacted on [Armstrong]." The trial court also balanced that severity with defendant lacking "one ounce of remorse or shame or regret," highlighting defendant's response to police officers after destroying Armstrong's house that "sometimes shit happens, it is what it

---

[1] The trial court's written judgment in lower court number 2023-052156-FH imposed a 59-month minimum sentence with 342 days of credits for time served. As part of this appeal, defendant raised the discrepancy between the trial court's oral pronouncement at sentencing and its subsequent written judgment and requested a remand to correct this apparent clerical error. The parties then successfully obtained a corrected judgment from the trial court imposing a 57-month sentence with 344 days of credits for time served, and stipulated to dismissing that issue on appeal.

is." And it knew defendant is a habitual offender. He served ten years in prison for voluntary manslaughter beginning in 1986, and has had numerous felony and misdemeanor convictions since, many of which involve guns and violent conduct—which of course is consistent with, in the trial court's words, the present "despicable" crimes he committed.

In contending otherwise, defendant mainly asserts that he is still capable of reform through counseling and that his age—63 at sentencing—means he will be "less likely to commit crimes" and thus should have received lesser sentences. But the trial court was aware of defendant's age and struggles and yet appropriately balanced those with his significant criminal record and the instant crimes. And regardless, we see nothing in the record demonstrating "unusual circumstances that would render [his] presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013).

For these reasons, we affirm the trial court's judgment.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock