# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MANTWAN GLADNEY,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 323917
Wayne Circuit Court
LC No. 14-004053-FC

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery, MCL 750.529, and carjacking, MCL 750.529a, for the theft of a vehicle from a woman who was stopped at a red light. The trial court sentenced defendant to concurrent prison terms of 85 months to 25 years for each conviction. Defendant challenges the sufficiency of the evidence establishing his identity as the perpetrator and counsel's performance in failing to present an alibi witness and to adequately explain an offered plea agreement, and asserts that his sentences amount to cruel and unusual punishment. As these contentions lack merit, we affirm.

## I. BACKGROUND

At 10:30 p.m. on April 30, 2014, the victim stopped her vehicle at a red light on Mount Elliott near Davison Street. A man crossed in front of her 2002 Ford Focus, approached and pointed an automatic handgun at her. The victim described her attacker as an African American male, 18 years old, 5-½ feet tall, and weighing about 150 pounds. The man wore a "hoodie," which covered his hair. He ordered the victim out of the car, pushed her to the ground, and stole the vehicle, which contained a wallet, money, clothes, and a bag.

An hour later, a Detroit police officer spotted the stolen vehicle driving in the area of the carjacking. She called for backup and effectuated a traffic stop. Defendant was driving the vehicle with three other young men as his passengers. Defendant did not have a weapon on his person, but one of his passengers, German Allen, carried a handgun. None of the victim's personal belongings remained in the vehicle. The next day, police conducted a six-person corporeal line-up. The victim immediately identified defendant.

Defendant claimed he was with Kishawn King at a gas station at the time of the carjacking and King corroborated his testimony. Defendant asserted that another friend, Allen

-1-

Calhoun, drove up in the stolen car and claimed it belonged to his sister. Defendant testified that Calhoun offered to take defendant to another friend's house and permitted defendant to drive because he knew a shortcut. The jury disbelieved this defense and convicted defendant as charged. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution did not present sufficient evidence that defendant committed the carjacking. We review such challenges de novo, viewing the evidence "in the light most favorable to the prosecution" to determine whether a rational trier of fact "could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Odom*, 276 Mich App 407, 418; 740 NW2d 557 (2007).

Identity is an element of every criminal offense, *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008), and it is the only element defendant challenges in this case. "[P]ositive identification by witnesses may be sufficient to support a conviction. . . ." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The credibility of that identification testimony "is a question for the trier of fact that we do not resolve anew." *Id.*

Here, the victim positively identified defendant the day following the robbery. She again identified him in the courtroom, stating, "I'm a hundred percent sure [that defendant is the carjacker]." Defendant contends that the victim could not possibly be certain because her assailant was wearing a hoodie that obscured his hair and face. He further emphasizes that King provided an alibi for defendant. However, the jury credited the victim's testimony over that of King and defendant and we may not second guess that decision. Viewing the evidence in the light most favorable to the prosecution, the record suffices to support defendant's convictions.

## III. CRUEL OR UNUSUAL PUNISHMENT

Defendant contends that his sentences are so severe that they amount to cruel and/or unusual punishment. Defendant failed to preserve his challenge by raising a timely objection in the trial court. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013). Our review is therefore limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

> A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual. In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate. [*Bowling*, 299 Mich App at 557-558 (quotation marks and citations omitted).]

Defendant's minimum guidelines range was 51 to 85 months. Defendant does not argue that the trial court erroneously calculated this range. The trial court sentenced defendant to 85 months, at the top edge of that range. Defendant's sentence is presumptively proportionate, not cruel or unusual. Defendant therefore bears the burden of showing that "unusual circumstances" render his otherwise presumptively proportionate sentence disproportionate.

Defendant has not met his burden. Defendant argues that there was little evidence to establish his guilt. Even if true, this would support a reversal of his conviction, not an abatement of his sentence. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). And defendant's convictions were based on sufficient evidence as discussed above.

Defendant contends that his sentences are disproportionate because he has a "minimal prior criminal record," and is only 18 years old. However, defendant's prior criminal record was already taken into account in scoring the guidelines. See MCL 777.21(1)(b). As defendant is not a minor and was not sentenced to life without the possibility of parole, his age is not truly relevant. Compare *Montgomery v Alabama*, ___ US ___; ___ S Ct ___; ___ L Ed 2d ___ (Docket No. 14-280, decided January 25, 2016); *Miller v Alabama*, 567 US ___; 132 S Ct 2455; 183 L Ed 2d 407 (2012).

Defendant attempts to analogize his case to *Solem v Helm*, 463 US 277; 103 S Ct 3001; 77 L Ed 2d 637 (1983). In *Solem*, the defendant received a sentence of life without parole for uttering a no account check for $100, based on his prior history of relatively minor crimes. *Id.* at 281. The United States Supreme Court held that the defendant's sentence was "significantly disproportionate to his crime, and is therefore prohibited by the Eighth Amendment." *Id.* at 303. We see no comparison between the *Solem* defendant's life sentence for a $100 financial, nonviolent crime and defendant's 85-month to 25-year sentence for robbing a person at gunpoint.

Defendant also compares his case to *People v Bullock*, 440 Mich 15, 21; 485 NW2d 866 (1992), in which the trial court sentenced the defendant to life without parole for possession of 650 grams or more of cocaine. The Court held that the sentence violated Michigan's constitutional prohibition against cruel or unusual punishment, and ordered the sentence reduced to life with the possibility of parole. *Id.* at 42. The Court reached this conclusion in part because of the severity of Michigan's drug-possession law in comparison to the laws of other states. *Id.* at 40. The current defendant's sentence is drastically less severe than that in *Bullock*, and defendant committed two serious crimes. Defendant does not argue, nor provide any evidence, to support that Michigan law imposes particularly severe sentences for carjacking or armed robbery. Accordingly, we discern no ground to grant defendant relief.

## IV. ASSISTANCE OF COUNSEL

In an in pro per brief filed pursuant to Supreme Court Administrative Order 2004-6, Standard 4, defendant argues that his trial counsel should have presented the testimony of Nakiya Henderson who would have testified that she witnessed Calhoun drive up in the stolen car and offer defendant a ride. Defendant also asserts that counsel failed to inform him that the prosecution offered a plea agreement under which his sentence would have been limited to 4 to 15 years' imprisonment.

As defendant failed to preserve his challenge by filing a motion for a new trial or evidentiary hearing, our review is limited to errors apparent on the existing record. *People v Snider*, 239 Mich App 393, 423-24; 608 NW2d 502 (2000).

" '[T]he right to counsel is the right to the effective assistance of counsel.' " *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d

657 (1984), quoting *McMann v Richardson*, 397 US 759, 771 n 14; 90 S Ct 1441; 25 L Ed 2d 763 (1970). An ineffective assistance claim includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To establish the deficiency component, a defendant must show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). With respect to the prejudice aspect, the defendant must demonstrate a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Id.* at 663-664. The defendant also must overcome the strong presumptions that "counsel's conduct [fell] within the wide range of reasonable professional assistance" and that counsel's actions were sound trial strategy. *Strickland*, 466 US at 689. [*People v Galloway*, 307 Mich App 151, 157-158; 858 NW2d 520 (2014), rev'd in part on other grounds ___ Mich ___; 870 NW2d 893 (2015).]

Defense counsel possesses "wide discretion in matters of trial strategy." *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). And decisions regarding what witnesses to present are generally considered strategic, supporting relief only when the defendant is denied a substantial defense based on a witness's absence. *Payne*, 285 Mich App at 190. A defense is substantial "if it might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

Even if defense counsel failed to interview Henderson, defendant's ineffective assistance claim would not merit relief. Defendant was not denied a substantial defense. King provided defendant an alibi at the time of the offense and defendant explained why he was driving the vehicle an hour after the carjacking. Henderson's testimony would have corroborated King's and defendant's versions of events, but it would not have provided any new information to the jury.

Defendant also alleges that defense counsel failed to relay a plea agreement offer from the prosecution until after the prosecution withdrew the offer. Unfortunately for defendant, the existing record in no way supports his claim. Even if counsel had not relayed the offer, to merit relief, defendant would have to show that:

(1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn the plea offer in light of intervening circumstances; (3) the trial court would have accepted the defendant's plea under the terms of the bargain; and (4) the defendant's conviction or sentence under the terms of the plea would have been less severe than the conviction or sentence that was actually imposed. [*People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014), citing *Lafler v Cooper*, ___ US ___; 132 S Ct 1376, 1385; 182 L Ed 2d 398 (2012).]

Certainly, the sentence connected with the alleged plea offer is less severe than the sentence actually imposed. However, defendant has not met his burden of establishing the remaining three factors. Accordingly, defendant cannot show the prejudice necessary to merit relief.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro