# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON ROBERT MARTIN,

        Defendant-Appellant.

UNPUBLISHED
May 25, 2017

No. 330678
Monroe Circuit Court
LC No. 15-041946-FC

Before: SERVITTO, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of seven counts of first-degree criminal sexual conduct (CSC-I) – two counts of CSC-I pursuant to MCL 750.520b(1)(a) (penetration of a person under 13 years of age), and five counts of CSC-I pursuant to MCL 750.520b(1)(b)(*ii*) (penetration of a person at least 13 but less than 16 years of age and the actor is related by blood or affinity) – and one count of accosting a child for an immoral purpose, MCL 750.145a. The trial court sentenced defendant to concurrent terms of 25 years' to 450 months' imprisonment for the first two CSC-I convictions, 180 to 450 months' imprisonment for the other five CSC-I convictions, and 23 to 48 months' imprisonment for the accosting a child conviction. We affirm.

Defendant first argues that the prosecution committed misconduct requiring reversal by eliciting improper testimony from the victim. We disagree.

Defendant's failure to make a "contemporaneous objection or request for a curative instruction" results in this issue being unpreserved for appellate review. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Therefore, while this Court's review is typically de novo with respect to constitutional issues and for clear error in regard to factual findings, because the issues presented have not been properly preserved, this Court must review "for plain error affecting defendant's substantial rights." *Id.*; *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). When

considering allegations of prosecutorial misconduct, this Court must "examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64. When challenging the prosecution's questioning of witnesses, "[i]n order to warrant reversal, 'it is necessary to show some prejudice or pattern of eliciting inadmissible testimony.' " *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001), quoting *People v White*, 53 Mich App 51, 58; 218 NW2d 403 (1974). "Unresponsive answers from witnesses are generally not prosecutorial error." *People v Jackson*, 313 Mich App 409, 427; 884 NW2d 297 (2015). This Court, in *Jackson*, held that "[a]s a general rule, unresponsive testimony by a prosecution witness does not justify a mistrial unless the prosecutor knew in advance that the witness would give the unresponsive testimony or the prosecutor conspired with or encouraged the witness to give that testimony." *Id*., quoting *People v Hackney*, 183 Mich App 516, 531; 455 NW2d 358 (1990).

Defendant argues that the prosecution wrongfully elicited testimony from the victim about instances of sexual assault that occurred in Toledo, Ohio, as opposed to the charged instances that occurred in Luna Pier, Michigan. A review of the record, however, reveals no such error on behalf of the prosecution. Instead, while one question by the prosecution might have reasonably indicated that the prosecution was seeking instances of sexual assault that occurred in other places besides Luna Pier, the remaining instances of alleged misconduct clearly do not fit that pattern. Rather, for the other times that the victim brought up Toledo, her answers were not in response to the questions by the prosecution. The evidence clearly shows that the prosecution was attempting to lead the victim away from testimony regarding Toledo, and to focus on the allegations centering on Luna Pier. Despite the confusing wording of the first question, defendant has utterly failed to establish a "pattern of eliciting inadmissible testimony." *Watson*, 245 Mich App at 587 (internal citations and quotations omitted). Instead, defendant has shown a pattern of the victim providing unresponsive answers to properly posed questions by the prosecution. Such instances of unresponsive answers are not examples of prosecutorial misconduct. *Jackson*, 313 Mich App at 427. Therefore, defendant's claim of prosecutorial misconduct is without merit because no misconduct occurred. See *id*.

Defendant alternatively argues that his trial counsel was ineffective for failing to object to the prosecution's allegedly improper elicitation of inadmissible and prejudicial evidence from the victim. We disagree. "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "The denial of effective assistance of counsel is a mixed question of fact and constitutional law, which are reviewed, respectively, for clear error and de novo." *People v Schrauben*, 314 Mich App 181, 189; 886 NW2d 173 (2016), quoting *Brown*, 279 Mich App 140.

The United States Supreme Court has held that "in order to receive a new trial on the basis of ineffective assistance of counsel, a defendant must establish that 'counsel's representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). This Court will not find trial counsel to be ineffective where, even if he or she had made an objection, that objection would have been futile. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

Because the prosecution's questioning of the victim was not improper in any form, an objection by defense counsel would have been without merit, and ultimately futile. As such, defendant's trial counsel was not ineffective. *Id.*

Lastly, defendant argues that the portion of his sentence requiring lifetime electronic monitoring was both a cruel or unusual punishment and an unreasonable search in violation of his constitutional rights. We disagree.

Defendant's failure to "advance a claim [before the trial court] that his sentences were unconstitutional" means that this issue is unpreserved for appellate review. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013). Typically, constitutional issues are reviewed de novo. *People v Harris*, 499 Mich 332, 342; 885 NW2d 832 (2016). However, when a constitutional issue is not preserved, "[o]ur review is [] limited to plain error affecting defendant's substantial rights." *Bowling*, 299 Mich App at 557. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763.

As acknowledged by defendant, this Court has already rendered a binding and determinative decision regarding the precise challenge raised by defendant in *People v Hallak*, 310 Mich App 555; 873 NW2d 811 (2015), rev'd in part on other grounds by 499 Mich 879 (2016). Specifically, this Court in *Hallak*, 310 Mich App at 576-577, 580-581, held that in factual circumstances mirroring the instant case (a defendant over 17 years of age being convicted of CSC against a victim that is 13 years old or less), a sentence of lifetime electronic monitoring is neither cruel and unusual punishment, nor an unreasonable search. This Court is required to follow the *Hallak* decision pursuant to stare decisis. MCL 7.215(J)(1). As such, defendant's arguments regarding his sentence are without merit.

Affirmed.

/s/ Deborah A. Servitto
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood