*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANGELO SANDUSKY,

        Defendant-Appellant.

UNPUBLISHED
January 14, 2021

No. 349969
Wayne Circuit Court
LC No. 19-001716-01-FC

Before: FORT HOOD, P.J., and CAVANAGH and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction for assault with a dangerous weapon (felonious assault), MCL 750.82, for which he was sentenced to 58 months to 15 years' imprisonment as a fourth-offense habitual offender, MCL 769.12. We affirm.

On September 7, 2018, six people—defendant, Richard Edward Johnson, Jr., Cantese Lavon Sandusky (Cantese), Sandra Sandusky (Sandra), "KJ," and Joe Willie Coleman—gathered at a community center in Romulus to celebrate defendant's birthday. Cantese is defendant's niece, Sandra is defendant's wife, KJ is defendant's nephew, Coleman is a family friend, and Johnson is Cantese's boyfriend. Defendant was alleged to have assaulted Johnson with a blade of some sort during the party. Following a jury trial, at which Johnson and Cantese were the prosecution's primary witnesses and none of the other party attendees testified, defendant was convicted as noted. Defendant now appeals.

Defendant first argues there was insufficient evidence to find him guilty beyond a reasonable doubt because Johnson and Cantese testified inconsistently with each other and their own previous statements. We disagree.

We review the sufficiency of the evidence de novo. *People v Harverson*, 291 Mich App 171, 175-176; 804 NW2d 757 (2010). "In determining the sufficiency of the evidence, this Court reviews the evidence in the light most favorable to the prosecution" in order to "determine whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id.* at 175. "[C]ircumstantial evidence and reasonable inferences arising from th[e] evidence can constitute satisfactory proof of the elements of a crime." *Id.*

-1-

(alterations in original; quotation marks and citation omitted). We are "required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Carll*, 322 Mich App 690, 696; 915 NW2d 387 (2018) (quotation marks and citation omitted). "Questions regarding the weight of the evidence and credibility of witnesses are for the jury, and this Court must not interfere with that role even when reviewing the sufficiency of the evidence." *Id.* "[A] jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Baskerville*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 345403) (quotation marks and citation omitted; alteration in original); slip op at 3. Similarly, "[t]he jury may choose to believe part of a witness's testimony and disbelieve another part of the same witness's testimony." *Id.*

"The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). "A defendant commits an assault when he or she takes some unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (quotation marks and citation omitted).

While their testimony varied, Johnson and Cantese both testified that defendant cut Johnson's neck with what appeared to be a boxcutter. According to Johnson, he told Cantese to be quiet while he was talking to Coleman at the party. Defendant, who is Cantese's uncle, got angry at how Johnson spoke to Cantese, so he stood up and cut Johnson twice in a single motion. Johnson then left. According to Cantese, however, defendant held the boxcutter to Johnson's neck, and she got between them. Cantese was able to get them apart, and she and Johnson headed for the door. Defendant followed them and cut Johnson's neck. When this evidence is viewed in the light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that defendant committed a felonious assault. See *Harverson*, 291 Mich App at 175. Either version of events would have supported defendant's conviction, *Avant*, 235 Mich App at 505, and we may not consider "the weight of the evidence [or the] credibility of witnesses" when reviewing the sufficiency of the evidence, *Carll*, 322 Mich App at 696.

Further, contrary to defendant's assertions, that Johnson and Cantese testified inconsistently with their own prior statements did not render the evidence insufficient. According to Johnson's medical records, he told hospital staff he got caught up in a knife fight between strangers in a public park. In addition, Johnson testified at the preliminary examination that he did not see what was in defendant's hand because his back was to defendant. Finally, Cantese apparently told the police that defendant used a "knife" to cut Johnson, not a "boxcutter." While defendant would have us assess Johnson's and Cantese's credibility, that is simply not the role of this Court. See *id.* A rational jury could have believed Johnson's or Cantese's trial testimony, or even a combination thereof, *Baskerville*, ___ Mich App at ___; slip op at 3, and found beyond a reasonable doubt that defendant committed a felonious assault, *Avant*, 235 Mich App at 505. Therefore, the prosecution presented sufficient evidence to support defendant's conviction for felonious assault.

Next, defendant argues his trial counsel was ineffective for failing to call Coleman and Sandra to testify at trial. Defendant also argues his trial counsel was ineffective for failing to investigate. We disagree. Because defendant did not move the trial court for a new trial or a

*Ginther*[1] hearing, *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014), our review is limited to errors apparent on the record, *People v Hieu Van Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019).[2]

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing Const 1963, art 1, § 20; US Const, Am VI. "Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018) (quotation marks and citation omitted). There is a "strong presumption that counsel's assistance constituted sound trial strategy." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).

Cantese and Johnson both testified that Coleman and Sandra were present during the alleged altercation between Johnson and defendant. Thus, the record supports defendant's assertion that Coleman and Sandra could testify about the altercation. However, defendant has not pointed to anything in the record that indicates Coleman and Sandra would have testified differently than Cantese and Johnson. See *Hieu Van Hoang*, 328 Mich App at 63. Thus, there is simply no way to conclude defendant's trial counsel was ineffective in this respect. See *Armstrong*, 490 Mich at 290 (noting the strong presumption that trial counsel engages in reasonable trial strategy). Further, defendant's trial counsel questioned defendant about the decision not to call Coleman as a witness. While defendant's trial counsel did not state on the record why he advised defendant not to call Coleman, defendant stated that he was satisfied with his trial counsel's advice. Defendant's approval at trial lends further support to the conclusion that his trial counsel performed reasonably. See *Trakhtenberg*, 493 Mich at 51. Moreover, defendant's wife, Sandra, was present in the courtroom for the entire trial, in violation of a sequestration order, clearly indicating that she never intended to testify at trial. Therefore, defendant cannot overcome the strong presumption that trial counsel engaged in sound trial strategy and show his trial counsel performed deficiently by failing to call Coleman and Sandra.

Defendant also cannot show his trial counsel failed to properly investigate his case. As an initial matter, defendant does not identify what investigation his trial counsel should have made. However, by noting the proposition that the presumption of sound trial strategy can be rebutted by showing trial counsel failed to engage in a reasonable investigation, it appears defendant meant to suggest his trial counsel failed to investigate how Coleman and Sandra would have testified if called as witnesses. Once again, there is nothing in the existing record to support defendant's

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] While defendant moved this Court to remand to the trial court for a *Ginther* hearing, a panel of the Court previously denied his motion. *People v Sandusky*, unpublished order of the Court of Appeals, entered April 22, 2020 (Docket No. 349969). We decline to revisit that decision.

argument. See *Hieu Van Hoang*, 328 Mich App at 63. By contrast, trial counsel's questioning of defendant about the decision not to call Coleman suggests trial counsel *did* investigate Coleman's testimony and simply concluded it would not be helpful to defendant's defense. Without even an argument about what defendant's trial counsel should have done to further investigate his case, defendant cannot show, on this record, that his trial counsel failed to engage in a reasonable investigation that affected counsel's ability to make sound decisions of trial strategy. Therefore, defendant cannot establish that his trial counsel performed deficiently, let alone that counsel's performance reasonably may have affected the outcome of the proceedings. See *Trakhtenberg*, 493 Mich at 51.

Finally, defendant argues he is entitled to be resentenced because the trial court set his minimum sentence at the top of the guidelines minimum sentence range instead of the bottom. Specifically, defendant argues his minimum sentence should have been set at the bottom of the guidelines range because he did not act with premeditation, his conduct was not particularly egregious, and he showed remorse at sentencing. We disagree.

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

"If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). As such, "this Court is required to review for reasonableness *only* those sentences that depart from the range recommended by the statutory guidelines." *Anderson*, 322 Mich App at 636 (emphasis added).

The trial court scored 90 points for defendant's prior record variables and 40 points for his offense variables. Felonious assault is a Class F crime against a person. MCL 777.16d. Thus, as a fourth-offense habitual offender, defendant's guidelines minimum sentence range was 14 to 58 months' imprisonment. MCL 777.67; MCL 777.21(3)(c). The trial court sentenced defendant to a minimum of 58 months' imprisonment. Because defendant's minimum sentence was within the guidelines minimum sentence range, we must affirm defendant's sentence "absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). While defendant asserts that the trial court relied on inaccurate information in scoring the sentencing guidelines, he does not identify what this allegedly inaccurate information was. Thus, any argument that the trial court relied on inaccurate information is abandoned. See *People v Bowling*, 299 Mich App 552, 559-560; 830 NW2d 800 (2013) ("[A]n appellant may not simply announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him

his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted). Therefore, we must affirm defendant's sentence.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Jonathan Tukel