*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAYSHUN TYWONE SPEARS,

        Defendant-Appellant.

UNPUBLISHED
December 23, 2024
9:05 AM

No. 367386
Berrien Circuit Court
LC No. 2019-000187-FC

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to murder (AWIM), MCL 750.83; and carrying or possessing a firearm while committing a felony (felony-firearm), MCL 750.227b(1). A panel of this Court previously affirmed defendant's convictions but remanded for resentencing on the ground that the trial court erred when it scored offense variable (OV) 13, MCL 777.43.[1] On remand, the trial court recalculated defendant's OV scores under the sentencing guidelines, but imposed the same sentence, with credit for time served. We affirm.

## I. FACTUAL BACKGROUND

This Court previously summarized the basic underlying facts of this case as follows:

> This appeal arises from events that took place during a party on January 1, 2019, at a private residence that was attended by over 100 people. The victim arrived at the party after 4:00 a.m., drank two pints of tequila and a mixed cocktail, had an altercation with an individual, and then walked to the side of the house to urinate. Two individuals followed him from a distance and one of them shot the victim in the leg and chest. The victim fled behind and around to the other side of the house and collapsed. A police officer who had been monitoring the party heard

---

[1] *People v Spears*, unpublished per curiam opinion of the Court of Appeals, issued May 6, 2021 (Docket No. 350716).

-1-

the shots and eventually located the victim who appeared unconscious and not breathing. The police officer performed CPR reviving him until paramedics arrived and took the victim to the hospital. The physician who attended to the victim described the injuries as life-threatening. [*People v Spears*, unpublished per curiam opinion of the Court of Appeals, issued May 6, 2021 (Docket No. 350716), p 1.]

Investigating officers used surveillance videos, body camera footage, dashcam footage, tips, photos, and witness statements to identify and charge defendant for the shooting. See *id*. at 1-2. A jury found defendant guilty as charged, and the trial court sentenced defendant as previously specified. *Id*. at 1.

As earlier noted, in defendant's previous appeal, this Court upheld his convictions but remanded the case for resentencing, finding that the record lacked sufficient evidence to support that defendant committed two prior felony offenses within five years of his current felony charge, as required to assess 25 points under OV 13, see MCL 777.43 (1)(c), (2). *Spears*, unpub op at 10. At defendant's resentencing hearing, the prosecutor presented evidence that defendant committed a felony home invasion and third-offense domestic violence, also a felony, within the five-year time frame laid out in OV 13. The trial court found that a preponderance of evidence supported that defendant committed those offenses, resulting in the court calculating the same OV 13 score and, ultimately, imposing the same sentence. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion by resentencing him to the same term of years, and that his sentence is unreasonable and disproportionate. We disagree.

We review all sentences for reasonableness. *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023) (opinion by BOLDEN, J.). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion" by imposing a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-60; 902 NW2d 327 (2017). See also *Graham v Florida*, 560 US 48, 59; 130 S Ct 2011; 176 L Ed 2d 825 (2010). When a sentence is within properly scored guidelines, there is a nonbinding, rebuttable presumption that the sentence is proportionate. *Posey*, 512 Mich at 359. The defendant bears the burden of demonstrating that his or her sentence is unreasonable or disproportionate. *Id*. A defendant may overcome the presumptive proportionality of a within-guidelines sentence by "present[ing] unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted).

Here, following de novo review of defendant's crime and criminal history,[2] the trial court calculated defendant's minimum guidelines sentencing range at 135 to 281 months.[3] The trial court sentenced defendant to serve a minimum term of 240 months in prison, which is within his minimum sentencing guidelines range. On appeal, defendant contends that the trial court erred by failing to consider mitigating circumstances, including the fact that he had a difficult childhood. Defendant also argues that the guidelines range is too wide, giving the trial court both too much discretion and too little guidance.

Defendant's arguments are not legally supported. First, it is well settled that "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). Second, although a trial court must score and consider the legislatively created sentencing guidelines, those guidelines are merely advisory. See *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). Therefore, the breadth of the range is not determinative, and our task is to review the trial court's sentence for *reasonableness*. See *Posey*, 512 Mich at 359. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion" by imposing a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459-460. Proportionality ultimately "is a function of the seriousness of the crime and of the defendant's criminal history." *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003).

In this case, the record indicates that the trial court carefully considered both defendant's criminal history and his crime. Given the nature of the remand, the trial court spent a considerable amount of time reviewing OV 13, which is scored to account for a continuing pattern of criminal behavior. See MCL 777.43. "MCL 777.43(2)(a) defines a 'pattern' as three or more crimes committed 'within a five-year period, including the sentencing offense[.]' " *People v Francisco*, 474 Mich 82, 86; 711 NW2d 44 (2006) (emphasis omitted). MCL 777.43(2)(a) additionally requires trial courts to consider *all* crimes, "regardless of whether the offense resulted in a conviction[,]" in making its calculation.[4]

---

[2] At the resentencing hearing, the trial court correctly determined that our remand allowed the prosecutor to present evidence to support calculating a score of 25 points for OV 13. By ordering resentencing without specific instructions regarding the score for OV 13, the prior panel returned the case to the trial court in a presentence posture, allowing the court to consider defendant's sentence de novo. See *People v Lampe*, 327 Mich App 104, 111-112; 933 NW2d 314 (2019).

[3] See MCL 777.16d (designating assault with intent to murder as a Class A felony); MCL 777.62 (providing sentencing grid for Class A felonies); MCL 769.10 (explaining sentence enhancement for habitual offenders).

[4] We note that the mandate that the court consider *all* charges, regardless of whether a defendant was convicted, only applies to charges that were dismissed, not charges of which a defendant was acquitted, as the latter would violate our Supreme Court's pronouncement that acquitted conduct may not be considered when sentencing a defendant. *People v Beck*, 504 Mich 605, 626; 939 NW2d 213 (2019).

The sentencing offense at issue here occurred on January 1, 2019. See *Spears*, unpub op at 1. At the resentencing hearing, the prosecutor presented evidence, including testimony from the complainant, that defendant committed felony home invasion and domestic violence, third offense, in August 2015, as is reflected in his PSIR. We note that the domestic violence charge would also be considered a felony in this context, given that defendant previously pleaded guilty to domestic violence and domestic violence, second offense, for incidents that occurred in June and July 2014. See MCL 750.81(5). Although the PSIR indicates that the 2015 charges for home invasion and third-offense domestic violence were dismissed, we again note that this is of no consequence with regard to the scoring of OV 13, which accounts for the number of crimes charged within a five-year period, regardless of whether a conviction resulted. MCL 777.43(2)(a). On the record before us, we find that the prosecution proved, by a preponderance of the evidence, that the 2015 offenses occurred. See *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (stating that for purposes of scoring OV 13, a sentencing court may consider "charges that were earlier dismissed . . . if there is a preponderance of the evidence supporting that the offense took place" (citations omitted)).

The trial court determined by a preponderance of the evidence that defendant committed those prior offenses and appropriately calculated 25 points under OV 13, MCL 777.43(1)(c), (2)(a). Upon further review of defendant's criminal history, the trial court also found that defendant attempted to influence a trial witness, see MCL 750.122(7)(a), adding 10 points to defendant's score for OV 19, under which points are assessed for interference with the administration of justice, see MCL 777.49(c). Regarding the seriousness of the offense, the trial court stated that defendant's crime was a "very serious offense" that "really could've been a murder," if the officer who resuscitated the victim had not arrived so quickly. Defendant did not contest any of the trial court's findings, including his OV scores, nor does he do so on appeal. Further, the arguments that defendant does raise on appeal are not a basis for resentencing, for the reasons earlier stated. Accordingly, defendant has not demonstrated that his sentence was unreasonable or disproportionate. He is therefore not entitled to relief.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani