*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUSTIN JAMES HARVALA,

Defendant-Appellant.

UNPUBLISHED
September 08, 2025
12:23 PM

No. 366747
Dickinson Circuit Court
LC No. 2022-006149-FC

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Defendant, Justin James Harvala, was convicted by a jury of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13 years of age), and sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 142 months to 35 years in prison. We affirm.

## I. FACTUAL BACKGROUND

Defendant knew the victim's mother well at the time of the offense. While defendant was visiting the victim's mother's house, the victim's mother took her infant daughter into a bedroom to feed her, leaving the seven-year-old victim alone with defendant. Defendant held and touched the victim between her legs over her clothing. Defendant's actions were all captured on a nanny camera in the living room and recorded by the victim's mother. At trial, defendant was convicted by a jury, and thereafter he was sentenced to the lengthy prison term with a 142-month minimum described above. Defendant now appeals of right, challenging his conviction and his sentence.

## II. LEGAL ANALYSIS

On appeal, defendant contests his conviction by challenging the sufficiency of the evidence against him. Defendant also characterizes his sentence of imprisonment as disproportionate to the offense and the offender. We shall address these two issues in turn.

-1-

A. SUFFICIENCY OF THE EVIDENCE

Despite the fact that the incident resulting in defendant's conviction was captured on video and shown to the jury, defendant insists that there was insufficient evidence to support a conviction of CSC-II. This Court reviews a challenge to the sufficiency of the evidence de novo. *People v Savage*, 327 Mich App 604, 613; 915 NW2d 69 (2019). De novo review does not require deference to the trial court. *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

"Due process requires the prosecutor to introduce evidence sufficient for a trier of fact to find the defendant guilty beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022), citing *Jackson v Virginia*, 443 US 307, 317; 99 S Ct 2781; 61 L Ed 2d 560 (1979). When assessing a challenge to the sufficiency of the evidence presented at trial, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jarrell*, 344 Mich App at 480 (quotation marks, citation, and emphasis omitted). We also must "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citation omitted). Circumstantial evidence and reasonable inferences drawn from the evidence are sufficient to prove the elements of a charged crime. *Id.* "All conflicts in the evidence must be resolved in favor of the prosecution." *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016).

To convict defendant of CSC-II, the prosecution had to prove that defendant "engage[d] in sexual contact with" a person under 13 years of age and that defendant was 17 years of age or older when he did so. *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016). Sexual contact includes "intentional touching of the victim's . . . intimate parts . . . if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . ." *Id.* (citation omitted). A person's intimate parts "include a person's 'genital area, groin, inner thigh, buttock, or breast.' " *Id.* (citation omitted). "[W]hen determining whether touching could be reasonably construed as being for a sexual purpose," conduct "should be viewed objectively under a 'reasonable person standard.' " *Id.* at 719-720 (citation omitted).

By all accounts, defendant was 17 years of age or older and the victim was under 13 years of age at the time of the incident. Defendant notes it is implausible for him to have inappropriately touched the victim because he knew he was in view of the nanny camera, which he set up in the location where it captured the incident. But the camera did not automatically record, so defendant would not necessarily have known that he was being recorded. Nevertheless, defendant contends that his awareness of the camera makes it unlikely that he sexually abused the victim. If the event had not been captured on video, defendant might have a better claim that he did not commit an act constituting CSC-II.

But the video of the incident was played for the jury.[1] Defendant insists the clips recorded by the camera do not establish that he touched the victim in a sexual manner. We flatly disagree. The video clips depict conduct that a reasonable fact-finder could determine to be sexual. In those

---

[1] The evidence consisted of more than 10 separate clips that the victim's mother recorded. All of those clips were played for the jury at trial.

video clips, defendant had his hand between the victim's legs, on her inner thigh or her groin. In some of the clips, defendant was stroking the victim between her legs. In one video clip, the victim sat on defendant's hand and defendant held her by her groin. In a clip in which defendant was not touching the victim, defendant was completely covered by a blanket except for his head, and there was movement by defendant's groin area, so a reasonable juror could conclude that the movement under the blanket revealed defendant sexually stimulating himself. In sum, the video clips depicted defendant touching the victim's intimate parts as defined in *DeLeon*, 317 Mich App at 719. Those video clips therefore provided ample evidence to support defendant's conviction of CSC-II.

Even without the videos, the trial record contains sufficient evidence to support defendant's conviction. "In criminal sexual conduct cases, a victim's testimony may be sufficient to support a defendant's conviction and need not be corroborated." *Solloway*, 316 Mich App at 181. Here, the victim, who was 9 years old at the time of defendant's trial, testified that defendant "tickle[d]" her "birdie" and that made her feel "weird." The victim told the jury that the incident happened in the "living room" of her mother's house "by the tv kind of." The victim stated that defendant "tickled her birdie" with one hand "over" her clothing. That testimony was sufficient to permit the jury to convict defendant of CSC-II. See *id*.

Defendant claims that the victim denied anything inappropriate occurred until "long after" the offense, and he implies that the victim was coached to believe she was touched inappropriately. However, the victim's first forensic interview was one week after the offense, and in that interview, the victim stated that defendant tickled her between her legs. Although the victim initially denied that defendant touched her genitalia, the conduct reported in the first interview could nonetheless be reasonably construed as sexual conduct. See *id*. Further, defendant's contention is essentially that the victim was not a credible witness, but we are "*required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Oros*, 502 Mich at 239. Doing exactly that, we conclude that the evidence was sufficient to support defendant's CSC-II conviction.

## B. DEFENDANT'S WITHIN-GUIDELINES SENTENCE

Defendant describes his sentence of 142 months to 35 years in prison as disproportionate. According to *People v Posey*, 512 Mich 317, 326; 1 NW3d 101 (2023), we review sentences within the minimum guidelines range for reasonableness under *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). The standard of review for assessing "a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich at 471. A sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 459-460. The Michigan sentencing guidelines are merely advisory, but the trial court is required to consider the guidelines when sentencing a defendant. *People v Teike*, 348 Mich App 520, 538; 19 NW3d 733 (2023). A sentence within the guidelines range is presumptively reasonable, but the presumption is rebuttable. *Posey*, 512 Mich at 360. Defendant bears the burden to overcome the presumption of reasonableness. *Id*. at 357. "[T]o overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013).

Defendant was a fourth-offense habitual offender,[2] so his minimum sentencing guidelines range was 36 to 142 months' imprisonment. The trial court sentenced defendant to a minimum of 142 months' imprisonment, which was within the applicable guidelines range. Hence, defendant's sentence was presumptively reasonable, so he must rebut that presumption.

In *Bowling*, 299 Mich App 552, the defendant challenged his within-guidelines minimum prison term of 100 years as impermissible because, at the age of 49, that minimum term amounted to a sentence of life without parole. After explaining that "[a] sentence within the guidelines range is presumptively proportionate," *id*. at 558, this Court decided that "defendant's age is insufficient to overcome the presumptive proportionality of his sentences, especially considering his lengthy criminal record and the gravity of his offenses." *Id*. at 558-559. In the instant case, defendant has no basis to characterize as impermissible his minimum prison term of 142 months, which pales in comparison to the 1,200-month minimum prison term we upheld in *Bowling*. Defendant's record includes convictions for fourth-degree criminal sexual conduct and failing to comply with the Sex Offenders Registration Act, MCL 28.721 *et seq*., as well as three other felony offenses. Defendant was just 34 years old when he was sentenced for the crime of CSC-II with a seven-year-old victim, so his 142-month minimum prison term will enable him to be considered for parole long before he turns 50. Thus, we conclude that defendant has not overcome the presumption of proportionality applicable to his within-guidelines sentence.

Defendant further contests his sentence by accusing the trial court of failing to consider the fact that the incident occurred in front of a camera, indicating that his actions were unintentional. Defendant additionally claims that the trial court failed to note that defendant had a "dysfunctional childhood," that defendant had successfully completed two substance-abuse treatment programs, that defendant could be reformed, that defendant had a supportive family, and that defendant was "courteous." First, the contention that defendant's actions were unintentional cannot be squared with the jury's verdict that defendant acted intentionally and for a sexual purpose. Second, during the sentencing hearing, the trial court discussed all the factors defendant describes as disregarded. In sum, defendant has not identified any "unusual" circumstances, nor has defendant overcome the presumption that his sentence is reasonable. *Bowling*, 299 Mich App at 558.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

---

[2] As the trial court concluded at a posttrial hearing on May 1, 2023, defendant had four prior felony convictions, which was one more than necessary to qualify as a fourth-offense habitual offender.